﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 191226-50984
DATE: February 26, 2021

ORDER

The appeal of the grant of agent fees to D.B. based on the past-due benefits awarded in a September 2019 rating decision is denied.

FINDING OF FACT

D.B. represented the Veteran during the appeal period, and a timely notice of disagreement was filed on the issue granted in the September 2019 rating decision; therefore, D.B. is eligible for agent fees based on the past-due benefits awarded in the September 2019 rating decision.

CONCLUSION OF LAW

The criteria for eligibility to agent fees to D.B. based on the total award of past-due benefits awarded in the September 2019 rating decision are met. 38 U.S.C. § 5904; 38 C.F.R. § 14.636.

 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1988 to July 1991 and from December 2002 to September 2003. D.B. is the Veteran’s former agent representative.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from an October 2019 decision of a Department of Veterans Affairs (VA) Regional Office (RO) which granted agent fees to D.B. based on the past-due benefits awarded in a September 2019 rating decision.

In December 2019, the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) and requested Direct Review by a Veterans Law Judge. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301. 

The Board notes that in November 2019, the Veteran attempted to file a request for Higher Level Review with the October 2019 decision. In a December 2019 letter, the RO informed the Veteran that it was unable to process a Higher Level Review, and he needed to complete a VA Form 10182 within 60 days of the letter. As the December 2019 Notice of Disagreement was received within 60 days of the letter, the appeal is timely. 

The Board also notes that in the December 2019 notice of disagreement, the Veteran raised the issue of the reasonableness of the amount of agent fees to D.B. The Board does not have jurisdiction of this issue and has referred the issue to the OGC for a reasonableness review.

 

The appeal of the grant of agent fees to D.B. based on the past-due benefits awarded in a September 2019 rating decision is denied.

The Veteran has asserted that because D.B. did not represent him at the time of the September 2019 rating decision, D.B. is not eligible for agent fees based on the past-due benefits awarded in that decision.

A claimant may have attorney or agent representation for the prosecution of claims for VA benefits. 38 U.S.C. § 5904. 

For initial decisions issued prior to February 19, 2019, the effective date of the modernized review system, agents and attorneys may charge claimants or appellants for representation provided: After an AOJ has issued a decision on a claim or claims, including any claim to reopen under 38 C.F.R. § 3.156(a) or for an increase in rate of a benefit; the AOJ issued notice of that decision before the effective date of the modernized review system; an NOD has been filed with respect to that decision on or after June 20, 2007; and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). Agents and attorneys may charge fees for representation provided with respect to a request for revision of a decision of an AOJ or the Board based on CUE if notice of the challenged decision was issued before the effective date of the modernized review system; an NOD was filed with respect to the challenged decision on or after June 20, 2007; and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). 38 C.F.R. § 14.636(c)(2).

When a claimant or appellant and an attorney or agent have entered into a fee agreement under which the total amount of the fee payable to the agent or attorney (i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim, and (ii) is contingent on whether the matter is resolved in a manner favorable to the claimant or appellant, the total fee payable to the attorney or agent may not exceed 20 percent of the total amount of any past due benefits awarded on the basis of the claim. A claim shall be considered to have been resolved in a manner favorable to the claimant or appellant if all or any part of the relief sought is granted. 38 U.S.C. § 5904(d); 38 C.F.R. §§ 14.636(h)(1), 14.636(h)(2). 

The term “past-due benefits” means a nonrecurring payment resulting from a benefit, or benefits, granted on appeal or awarded on the basis of a readjudicated claim after a denial by an AOJ or the Board or the lump sum payment that represents the total amount of recurring cash payments that accrued between the effective date of the award and the date of the grant of the benefit by the AOJ, the Board, or an appellate court. 38 C.F.R. § 14.636(h)(3). The fees are payable to the attorney based on the amount of past-due benefits awarded regardless of the amount payable to the Veteran. See Rosinski v. Wilkie, 32 Vet. App. 264 (2020).

When the benefit granted on appeal, or as the result of the readjudicated claim, is service connection for a disability, the “past-due benefits” will be based on the initial disability rating assigned by the AOJ following the award of service connection. The sum will equal the payments accruing from the effective date of the award to the date of the initial disability rating decision. If an increased rating is subsequently granted as the result of an appeal of the disability rating initially assigned by the AOJ, and if the agent or attorney represents the claimant or appellant in that phase of the claim, the agent or attorney will be paid a supplemental payment based upon the increase granted on appeal, to the extent that the increased amount of disability is found to have existed between the initial effective date of the award following the grant of service connection and the date of the rating action implementing the appellate decision granting the increase. 38 C.F.R. § 14.636(h)(3)(i). 

In March 2015, the Veteran and D.B. signed VA Form 21-22a, Appointment of Individual as Claimant’s Representative and in April 2015, a fee agreement stating that the agent’s fee to be paid will be 20 percent of past-due benefits, paid directly to the agent by VA. The fee agreement included the name of the Veteran, his VA file number, and specific terms under which the amount to be paid for the services of the agent would be assessed. A copy of the agreement was received by VA in April 2015. The Board finds the agreement to be valid, as it was properly filed with VA and contains all required information in accordance with 38 C.F.R. § 14.636(g).

In this case, in a March 2015 rating decision, in pertinent part, the RO denied entitlement to service connection for a back injury and right and left hand injuries.

In June 2015, D.B. filed a notice of disagreement with the denial of service connection for a back injury and left and right hand injuries with nerve damage on behalf of the Veteran.

In March 2018, the Veteran appointed Disabled American Veterans as his representative in a VA Form 21-22, Appointment of Veterans Service Organization as Claimant’s Representative, which had the effect of revoking D.B.’s representation.

In a September 2019 rating decision, the RO granted entitlement to service connection for lumbosacral strain with an evaluation of 20 percent effective May 28, 2014, service connection for right thumb stenosing synovitis/tenosynovitis with an evaluation of 10 percent effective May 28, 2014, and service connection for scar status post A1 pulley release surgery with a noncompensable evaluation effective May 28, 2014.

In an October 2019 Summary of the Case, the RO granted agent fees to D.B. based on the past-due benefits awarded in the September 2019 rating decision.

In his December 2019 notice of disagreement, the Veteran asserted that agent fees were not warranted because D.B. did not represent him at the time the award was granted. The Veteran stated D.B. represented the Veteran from March 30, 2015 to March 13, 2018. 

The issue before the Board is whether D.B. is eligible for agent fees based on the past-due benefits awarded in the September 2019 rating decision. Based on the evidence of record, the Board finds that D.B. is eligible for fees. A VA Form 21-22a and agent fee agreement were properly completed, and filed with the RO during the appeal period. In June 2015, D.B. filed a notice of disagreement on the Veteran’s behalf on the issues granted in the September 2019 rating decision. Although D.B.’s representation was revoked prior to the September 2019 rating decision, as he represented the Veteran during the appeal, a timely notice of disagreement was filed on the issues granted, and the VA Form 21-22a and fee agreement were properly completed, D.B. is eligible for agent fees. 

As noted above, the Veteran’s assertions also raise the issue of whether a fee of 20 percent of the past-due benefits awarded is reasonable. This matter has been referred to the Office of General Counsel and is not currently before the Board.

As the criteria for eligibility to agent fees to D.B. based on the past-due benefits awarded in the September 2019 rating decision have been met, the Veteran’s appeal is denied. 

 

 

M. SORISIO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Marenna, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.